# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JERMAINE PIPER,                    :

                                   :

            Petitioner,          :

                                   :

     v.                             :       Civ. Act. No. 11-683-LPS

                                   :

G.R. JOHNSON, Warden, and JOSEPH    :

R. BIDEN, III, Attorney General of the     :

State of Delaware,                  :

                                   :

            Respondents.      :

---

Jermaine Piper. *Pro se* Petitioner.

Morgan T. Zurn, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

## MEMORANDUM OPINION

September 14, 2015
Wilmington, Delaware



**Stark, U.S. District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28

U.S.C. § 2254 ("Petition") filed by Petitioner Jermaine Piper ("Petitioner") when he was incarcerated

at the Sussex Correctional Institution.[1] (D.I. 1) The State filed an Answer in opposition. (D.I. 12)

For the reasons discussed, the Court will deny the Petition

## I.     BACKGROUND

In 2008, as a result of being a convicted sex offender, Petitioner was required to register as a

Tier II sex offender. *See Piper v. State*, 23 A.2d 866 (Table), 2011 WL 2360979, at *1 (Del. June 13,

2011). Because he was designated "homeless," Petitioner was required to verify his status with

Delaware's Sex Offender Registry Unit every thirty days. *Id.* Petitioner first registered with the Sate

Bureau of Identification in Dover on October 14, 2008, at which time he was informed of the

verification requirement. *Id.* When he failed to appear in Kent County on November 14, 2008 to

verify his homeless status as a sex offender, the Delaware State Police obtained a warrant for

Petitioner's arrest on a charge of failing to verify. (D.I. 14, *Piper v. State*, No. 285, 2010, State's Ans.

Br. at 1) Petitioner did not verify his status as a homeless sex offender for the next ten months, and

the Milford police arrested him on August 15, 2009. *Id.* The Kent County grand jury indicted

Petitioner on September 9, 2009, for failure to verify his status as a homeless sex offender. *Id.* On

March 3, 2010 a Superior Court jury found him guilty of failing to provide verification as a sex

offender. *See Piper*, 2011 WL 2360979, at *1. Petitioner was sentenced as an habitual offender to

two years at Level V incarceration, followed by one year at decreasing levels of supervision. *Id.*

---

[1]The "in custody" requirement of § 2254 is still satisfied because Petitioner was incarcerated when
he filed the Petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Petitioner appealed his conviction, arguing that venue in Kent County was improper and that he should have been tried in Sussex County. *See Piper*, 2011 WL 2360979, at *1. The Delaware Supreme Court rejected this argument, specifically holding that the Kent County Superior Court had jurisdiction over Petitioner's case and that venue was proper, because Petitioner committed the crime of failing to verify his status as a homeless sex offender in Kent County. *See Piper*, 2011 WL 2360979, at *1.

Thereafter, Petitioner filed multiple state petitions for a writ of habeas corpus, all of which were denied. (D.I. 12 at 3)

## II.    DISCUSSION

Petitioner's timely filed § 2254 Petition asserts the following three overlapping grounds for relief: (1) venue for Petitioner's case was improper in the Kent County Superior Court, because a Sussex County Justice of the Peace Court issued Petitioner's arrest warrant; (2) the Kent County Superior Court lacked subject matter jurisdiction over Petitioner's case, because the arrest warrant was issued by a Sussex County Justice of the Peace Court; and (3) venue was not proper in Kent County. Petitioner cites Del. Code Ann. tit. 11, §§ 2701(c) & 4121, and article 1, section 6 of the Delaware Constitution to support each of these claims. (D.I. 1 at 21-23)

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[s]tate courts are the ultimate expositors of state law"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review). Here, the venue and jurisdictional arguments in Claims One, Two,

2

and Three implicitly assert that the Delaware State Courts misinterpreted and misapplied the Delaware Constitution and Delaware statutes in finding that venue was proper in the Kent County Superior Court and that the court had subject matter jurisdiction over his case. Accordingly, the Court will deny Claims One, Two, and Three for failing to provide a proper basis for federal habeas relief.[2] *See Jones v. Carroll*, 388 F. Supp. 2d 413, 420-21 (D. Del. 2005) (collecting cases).

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

---

[2]To the extent the Court should liberally construe these claims as alleging that Petitioner's Due Process Rights were violated as a result of the allegedly improper venue and/or lack of subject matter jurisdiction, that argument is similarly unavailing. The Court has not uncovered any clearly established Federal law prohibiting a defendant from being tried and convicted in a state court with state-wide jurisdiction that is located in the county where the crime occurred but is not located in the same county as the court that issued the defendant's arrest warrant. *See, e.g., United States v. Kerley*, 416 F.3d 176, 182 (2d Cir. 2005) ("[A]pplication – or misapplication – of state subject matter jurisdiction rules raises no constitutional issues, due process or otherwise."). As such, the Delaware Supreme Court's decision that venue was proper in the Kent County Superior Court does not warrant habeas relief, because it was neither contrary to, nor an unreasonable application of, clearly established Federal law. *See Carey v. Musladin*, 549 U.S. 70, 75-76 (2005) ("Given the lack of holdings from [the Supreme] Court [], it cannot be said that the state court unreasonably applied clearly established Federal law.").

## IV.  CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant

To 28 U.S.C. § 2254 is denied.  An appropriate Order will be entered.